UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| DEREK AVERY RUSS, : | |
|     Plaintiff, : | |
| : | |
| v. : | CASE NO. 3:15-cv-00049 (JAM) |
| : | |
| JOSEPH HAGGAN and SCOTT : | |
| SEMPLE, : | |
|     Defendants. : | |

ORDER DISMISSING CASE
PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Derek Avery Russ is currently incarcerated at the Osborn Correctional Institution in Somers, Connecticut. He has filed a complaint *pro se* and *in forma pauperis* under federal civil rights laws (42 U.S.C. §§ 1981, 1983 and 1988) against the Connecticut Director of Parole Joseph Haggan and Commissioner of Correction Scott Semple. Although the precise nature of plaintiff's allegations of defendants' wrongdoing are somewhat difficult to understand, I conclude that plaintiff does not plausibly set forth a claim for relief under federal civil rights laws and that any claim for relief he may now have stemming from his arrest and detention must proceed instead by way of a petition for writ of habeas corpus before the Connecticut state courts.

**BACKGROUND**

As best as I can understand the *pro se* complaint, it alleges in substance the following facts that are taken as true for purposes of this initial review. In 1989, plaintiff was on parole when he "escaped" from Connecticut. Although defendants were allegedly notified that plaintiff was in Florida in 1990, they took no action to apprehend plaintiff for his 1989 escape until 2013,

1

at which point they issued "a falsified person search message over the Connecticut on-line law enforcement communication teleprocess and the Federal National Crime Information Center ("N.C.I.C.")." Doc. #1 at 10. Defendants allegedly extradited plaintiff from Texas to Connecticut without a probable cause hearing and using a falsified arrest warrant and falsified extradition warrant. In Connecticut, defendants then readjusted his "time sheet." As a result, plaintiff remains confined without a court date for the alleged escape charge that formed the basis for his extradition. After he was in custody in Connecticut for seven months, plaintiff asked defendants to produce a warrant. Instead, they issued him a disciplinary report charging him with escape and revised the Department of Corrections Administrative Directive to allow issuance of a delayed disciplinary report.[1] Plaintiff seeks compensatory damages in the amount of $2.9 million, and punitive damages also in the amount of $2.9 million.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g., Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "[p]ro se complaints 'must be construed liberally and interpreted to raise the strongest arguments that they

---

[1] The copy of the amended directive submitted by plaintiff indicates that the directive was amended in November 2010, three years *before* plaintiff's return to Connecticut. *See* Doc. #1 at 18.

suggest.'" *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006)); *see also Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Even in light of the liberal pleadings rules that are afforded a *pro se* complaint, I conclude that this action is subject to dismissal. In his complaint, plaintiff refers to an adjustment to his "time sheet." I assume that by this reference plaintiff challenges the calculation of time he must serve on his original sentence and the lawfulness of his continued detention. Any challenge to a conviction or the duration of a sentence must be made by a petition for writ of habeas corpus, rather than by means of an action under the civil rights laws such as § 1983. *See Nelson v. Campbell*, 541 U.S. 637, 643 (2004) ("[Section] 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence") (citing *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)).

Plaintiff also seeks money damages. But the Supreme Court has held that, if a determination favorable to the plaintiff in a section 1983 action "would necessarily imply the invalidity of his conviction or sentence," a plaintiff must prove that the conviction or sentence has been reversed on direct appeal or declared invalid before he can recover damages under § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). Plaintiff has not done so here.

This limitation on the use of § 1983 has been extended to actions that challenge prison disciplinary proceedings that affect the duration of confinement. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997). Thus, "a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of

the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005).

The complaint here is less than a model of clarity. But, as I understand it, the complaint challenges plaintiff's arrest, extradition, and confinement as well as the propriety of the disciplinary charge for escape. For the reasons set forth above concerning the limitations of relief under § 1983, these claims fail as a matter of law.

Plaintiff further relies on 42 U.S.C. § 1981. Section 1981 provides in pertinent part:

> All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a). To state a claim under § 1981, a plaintiff must allege that he is a member of a racial minority and was subjected to racial discrimination concerning at least one of the activities enumerated in the statute, *i.e.*, that he was prevented from making and enforcing contracts, suing and being sued, or giving evidence. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (*per curiam*). Here, however, plaintiff does not allege interference with any of the enumerated activities under § 1981 and does not assert a claim of racial discrimination. Accordingly, plaintiff's claim under § 1981 fails as a matter of law.

Plaintiff also relies on 42 U.S.C. § 1988. Section 1988(a) provides that district courts shall exercise their jurisdiction over civil rights cases in conformity with federal law (where appropriate) or state law. This section, however, does not provide an independent cause of

action. *See Moor v. Alameda County*, 411 U.S. 693, 702–06 (1973). Section 1988(b) provides for award of attorney's fees. As a *pro se* litigant, however, plaintiff is not entitled to attorney's fees under § 1988. *See Kay v. Ehrler*, 499 U.S. 432, 435 (1991); *see also Sosa v. Lantz*, 660 F. Supp. 2d 283, 289 (D. Conn. 2009). Accordingly, plaintiff's claim under § 1988 fails as a matter of law.

## CONCLUSION

Based upon the Court's review of plaintiff's complaint pursuant to 28 U.S.C. § 1915A, the complaint is DISMISSED on grounds that it does not plausibly set forth any grounds for relief under any of the civil rights statutes, 42 U.S.C. §§ 1981, 1983, 1988, upon which it relies.

The Clerk is directed to enter judgment in favor of defendants and close this case.

**SO ORDERED**.

> */s/ Jeffrey Alker Meyer*
> Jeffrey Alker Meyer
> United States District Judge

Dated at Bridgeport, Connecticut, this 3rd day of March 2015.